## 31036. LOWE *v.* THE STATE.

GARDNER, J. The defendant was convicted of vagrancy, in the criminal court of Fulton County before one of the judges thereof and a jury, on an accusation which charged "that he did wander and stroll about

in idleness; that he was able to work and did not work and had no property to support him; and further that said accused was able to work and did not work and had no possible and known means of a fair, reputable, and honest livelihood." After conviction, an application for certiorari to the superior court of Fulton County was sanctioned. On the hearing the certiorari was overruled. Error is assigned on the judgment overruling the writ of certiorari.

As to the general grounds, there seems to be some conflict between the State's evidence and the defendant's evidence as to the defendant's ownership of property. However, there are also conflicts between what the officers testified that the defendant and his witnesses informed the officers as to the value of the defendant's property, and what the defendant's evidence claims he owned. The other essential elements of the criminal act stand practically undisputed. It is true that the defendant introduced parol testimony that he owned some property, but it is significant that he introduced no documentary evidence whatsoever to support such ownership; whereas, on the other hand, the evidence for the State shows that the officers investigated the ownership of the property which the defendant stated that he owned before the trial, and could find no information at all establishing such ownership on the part of the defendant. This being true, it became an issue of fact for the jury to determine whether they would believe the officers who testified in behalf of the State, or the witnesses who testified on behalf of the defendant. The jury believed the latter and resolved this issue against the defendant. This they were authorized to do, under this record. Their findings have the approval of the judge of the superior court. The verdict was authorized under the law and facts. We have read the many decisions cited by counsel for the plaintiff in error, as well as those cited by the State. We find no conflict, under the record, between the authorities cited on the one hand for the plaintiff in error and those cited on the other hand by the State. The only difference appearing between them is one of opinion as to the application of the facts of the instant case to the undisputed principles of law. We do not, therefore, deem it of any particular benefit to discuss the authorities cited by either party.

The special grounds are expressly abandoned.

The court did not err in overruling the certiorari for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED NOVEMBER 2, 1945. ADHERED TO ON REHEARING NOVEMBER 9, 1945.

*William A. Thomas, J. O. Ewing, Wesley R. Asinof,* for plaintiff in error.

*Lindley W. Camp,* solicitor, *E. A. Andrews,* solicitor-general, *Durwood T. Pye,* contra.